UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TREVOR SWANSON,<br><br>             Petitioner,<br>   v.<br>ROBERT LeGRAND, *et al.*,<br><br>            Respondents. | Case No. 3:15-cv-00405-MMD-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss petitioner Trevor Swanson's petition (ECF No. 7). Swanson did not file an opposition or respond to the motion in any way. Respondents filed a reply in support of their motion (ECF No. 10).

**I.    PROCEDURAL HISTORY AND BACKGROUND**

On September 4, 2012, Swanson pleaded guilty to one count of second-degree murder (exhibit 6 to respondents' motion to dismiss, ECF No. 7).[1] The state district court sentenced Swanson to life in prison with the possibility of parole after ten years. (Exh. 12.) Judgment of conviction was filed on October 18, 2012. (*Id.*)

Swanson did not file a direct appeal. The Nevada Supreme Court affirmed the denial of his counseled state postconviction petition on July 14, 2015, and remittitur issued on August 10, 2015. (Exhs. 77, 78.)

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 7, and are all attachments to ECF No. 7.

On August 7, 2015, Swanson dispatched his federal habeas corpus petition for filing. (ECF No. 4.) Respondents argue that the petition should be dismissed because the grounds are unexhausted or are barred from federal habeas review. (ECF No. 7.)

## II.    LEGAL STANDARDS AND ANALYSIS

### A.    Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However,

2

citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**B.   *Tollett v. Henderson* and Guilty Plea**

In *Tollett v. Henderson*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising the petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254-1255 (9th Cir.2011).

**III.   INSTANT PETITION**

**A.   Ground 1**

Swanson contends that his Fifth, Sixth and Fourteenth Amendment rights to due process, equal protection and effective assistance of counsel were violated in several ways. He alleges:

1(a): the court admitted statements made by the petitioner when the Reno Police Department ignored Swanson's request to stop the interview and consult with an attorney;

3

1(b): Swanson's confession was not voluntary because he was in withdrawal after at least a five-day alcohol and drugs binge and because he confessed after at least six hours of verbal and physical assaults during the custodial interrogation;

1(c): he was only allowed to attend three court appearances during his entire legal proceedings and was not allowed to watch the videos of proceedings;

1(d) plea counsel did not advise Swanson of his right to appeal his conviction;

1(e) Swanson "asked counsel if we could appeal . . . but counsel did nothing after petitioner said he would like to." (ECF No. 4 at 2-3.)

Grounds 1(a) through 1(c) all allege constitutional violations that occurred prior to Swanson pleading guilty. Accordingly, these three subparts are barred by *Tollett*. They are dismissed for failure to state a claim for which federal habeas relief may be granted.

Next, respondents argue that grounds 1(d) and 1(e) are unexhausted. (ECF No. 7 at 4-5.) However, Swanson presented these claims to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition. (Exh. 68 at 12-14.)

Respondents also argue that grounds 1(d) and 1(e) should be dismissed because no factual allegations were developed in state court as the state court denied an evidentiary hearing. (ECF No. 7 at 7.) However, as discussed immediately above, Swanson has raised the same factual allegations to the Nevada Supreme Court that he raises in federal grounds 1(d) and 1(e). Respondents' argument that grounds 1(d) and 1(e) are subject to dismissal at this time for failure to develop a factual record lacks merit.

**B.    Ground 2**

In ground 2, Swanson contends that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated as follows:

2(a): counsel failed to provide an adequate defense;

2(b): counsel did not appropriately advise petitioner throughout all stages of his legal proceedings;

2(c): counsel showed disdain and contempt toward Swanson and his family;

///

4

2(e): counsel made no effort to investigate the actual facts of the case, including investigating the victim's mother, and failed to obtain all police witness statements and videos;

2(f): counsel refused petitioner's request for a polygraph test;

2(g): counsel did not challenge or move to suppress Swanson's confession;

2(h): counsel refused petitioner's request to review discovery;

2(i): counsel withheld records and discovery that might contain exculpatory forensic findings;

2(j): counsel abandoned petitioner and/or collaborated with the prosecution to convict petitioner. (ECF No. 4 at 5-9.)

These claims all allege constitutional violations that occurred prior to Swanson entering into the guilty plea agreement. Therefore, these claims are foreclosed by *Tollett*.

In ground 2(d), Swanson contends that he was scared into pleading guilty because his counsel told him if he did not accept the deal he would "help the prosecutor convict [Swanson] of first-degree murder and go for the death penalty" and told him "I believe you did it and if I could get my hands on you, I'll kick your ass, I'll rip off your arms and beat you with them." He argues that he was suffering from lack of sleep and lack of proper nutrition for eleven months, and plea counsel overwhelmed him and pressured him into signing the plea agreement. (ECF No. 4 at 5, 8.) While respondents argue that ground 2(d) is unexhausted, Swanson raised these claims to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition. (Exh. 68 at 10-11.) Because the state district court denied an evidentiary hearing on the state postconviction petition, respondents again argue that Swanson has failed to develop a factual basis for federal ground 2(d). (ECF No. 7 at 7.) This argument is better addressed in the context of the disposition of the merits of the claim, and this Court declines to dismiss ground 2(d) at this time.

///

///

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 7) is granted in part as follows:

Grounds 1(a), 1(b), 1(c), 2(a), 2(b), 2(c), 2(e), 2(f), 2(g), 2(h), 2(i), and 2 (j) are all dismissed for failure to state a claim for which federal habeas relief may be granted.

Grounds 1(d),1(e), and 2(d) are exhausted.

It is further ordered that respondents' motion for leave to file exhibits under seal (ECF No. 8) is granted.

It is further ordered that respondents will have sixty (60) days from the date of entry of this order to file an answer to the remaining grounds in the petition. The answer must contain all substantive and procedural arguments and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

DATED THIS 25th day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE